(Rev. 3/3/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| GUSTAVO M. JUAREZ-GALVAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-4145-WEB |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## **SCHEDULING ORDER**

On January 5, 2011, pursuant to Fed. R. Civ. P. 16(b)(1), the court conducted a scheduling conference in this case with the parties. Plaintiff appeared through counsel, David O. Alegria. Defendant appeared through counsel, Darren K. Sharp and Meredith R. Rund.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS ||
| --- | --- |
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | February 10, 2011 |
| Defendant's settlement counter-proposal | February 22, 2011 |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator | March 4, 2011 |
| Initial disclosures served | January 27, 2011 |
| Documents identified in initial disclosures exchanged | February 3, 2011 |
| All fact discovery completed | July 16, 2011 |
| All expert discovery completed | September 13, 2011 |
| Experts disclosed by plaintiff | July 23, 2011 |
| Experts disclosed by defendant | August 12, 2011 |
| Rebuttal experts disclosed | August 26, 2011 |
| Independent medical examinations | June 6, 2011 |
| Supplementation of disclosures | 40 days before the deadline for completion of all fact discovery |
| Jointly proposed protective order submitted to court | January 19, 2011 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | February 2, 2011 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | February 18, 2011 |
| Motions to join additional parties or otherwise amend the pleadings | March 1, 2011 |
| All other potentially dispositive motions (e.g., summary judgment) | October 24, 2011 |
| Motions challenging admissibility of expert testimony | no later than 28 days before trial |
| Proposed pretrial order due | September 20, 2011 |
| Final pretrial conference | September 30, 2011, at 10:00 a.m. |

1.      **Alternative Dispute Resolution (ADR).**

By **February 10, 2011**, plaintiff shall submit to defendant a good faith proposal to settle the case. By **February 22, 2011**, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case. By **March 4, 2011**, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report. These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. Thereafter the court may require the parties to participate in mediation. An ADR report, on the form located on the court's Internet website, must be filed by defense counsel within five days of the scheduled mediation:

(*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

2.      **Discovery.**

a.      The parties shall exchange by **January 27, 2011** the information required by Fed. R. Civ. P. 26(a)(1). In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1)

disclosures shall be exchanged by **February 3, 2011**. The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

      b.      All fact discovery shall be commenced or served in time to be completed by **July 16, 2011**.

      c.      All expert discovery shall be completed by **September 13, 2011**.

      d.      The parties agree they may serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

      e.      The parties do not anticipate any discovery issues for the court to resolve at this time.

      f.      Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), and as discussed in more detail during the scheduling conference, electronically stored information (ESI) in this case will be handled as follows:

Plaintiff might request, on a category or document-specific basis, that defendant produce certain ESI about plaintiff and plaintiff's claims, including metadata and embedded data in its native format and in a removable flash drive. If the parties cannot agree on such production, the court will resolve the dispute.

At a minimum, however, any documents requested, including e-mails, which are stored electronically will be provided by defendant on disc. Prior to any costs being incurred in the scanning and formatting of the documents to the disc, the parties will discuss whether the requesting party shall have access to the ESI in order to limit the amount of document being requested in order to limit costs and waste. If the parties intend to employ an electronic search to locate relevant electronic documents, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronic documents. The parties shall reach an agreement as to the method of searching, and the words, terms, and phrases to be searched. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (e.g., time frames, fields, document types).

g. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

The inadvertent disclosure or production by the producing party of any material shall be without prejudice to any claim by the producing party that such material is protected by attorney client privilege or the work-product privilege. If, after such material is produced, a claim of privilege or work-product is subsequently made, the receiving party shall take reasonable steps to ensure all known copies of such material are returned promptly to the producing party. If data or information has been extracted from material that is

subsequently returned under this paragraph, to the extent possible, the information and/or data shall be expunged and not used by the receiving party. After return of such material, challenges to any claim of privilege or work-product may be submitted for resolution by the court or by subsequent agreement of the parties. That determination shall be made without regard to the fact such material was inadvertently disclosed. In addition, such material will not be subject to production in any other proceeding by virtue of the fact that it has been inadvertently disclosed in this proceeding.

h. No party shall serve more than 30 interrogatories, including all discrete subparts, to any other party.

i. There shall be no more than 10 depositions by plaintiff and 10 by defendant.

j. Each deposition shall be limited to 4 hours, except for the depositions of plaintiff and a corporate representative and/or decision-maker which shall be limited to 7 hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

k. Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff by **July 23, 2011**, and by defendant by **August 12, 2011**. Disclosures and reports by any rebuttal experts shall be served by **August 26, 2011**. The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them. These objections should be confined to

technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections. As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived. *See* D. Kan. Rule 37.1(b).

l. The parties do not know yet whether Fed. R. Civ. P. 35 physical or mental examinations are appropriate in this case. In any event, all Rule 35 examination shall be completed by **June 6, 2011**. If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

m. Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event 40 days before the deadline for completion of all fact discovery. The supplemental disclosures served 40 days before the

deadline for completion of all fact discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the fact discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

n. At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A)(i), (ii) & (iii). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

o. Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **January 19, 2011**. Such

jointly proposed protective orders should be drafted in compliance with the written guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **February 2, 2011**.

    p.    To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3.    Motions.**

    a.    Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by **February 18, 2011**.

    b.    Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **March 1, 2011**.

c. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **October 24, 2011**.

d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than 28 days before trial.

e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**4.    Other Matters.**

a. The parties agree that principles of comparative fault do not apply to this case.

b. Pursuant to Fed. R. Civ. P. 16(e), a final pretrial conference is scheduled for **September 30, 2011, at 10:00 a.m.**, in the U.S. Courthouse, Room 236, 500 State Avenue, **Kansas City**, Kansas, or by telephone if the judge determines the proposed pretrial order is in the appropriate format and there are no other problems requiring counsel to appear in person. Unless otherwise notified, the undersigned magistrate judge will conduct the conference. No later than **September 20, 2011**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*. The proposed pretrial order

shall not be filed with the Clerk's Office. It shall be in the form available on the court's Internet website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

  c. The parties expect the trial of this case to take approximately 5 days. The court will subsequently set the case for trial.

  d. The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

  e. The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated January 5, 2011, at Kansas City, Kansas.

            s/ James P. O'Hara
            James P. O'Hara
            U.S. Magistrate Judge